Speir, J.
At the time of the accident, it appears that the premises, 52 Wall street, extending through from Wall to Pine streets, were owned, the one-half westerly part by the defendants, and the easterly one-half by the New York Life Insurance and Trust Company. Mr. Henry Parish, who was a director in the defendants’ bank, and a trustee in the New York Life Insurance and Trust Company, was the chairman of the building committee for both institutions. The defendants alone were the owners of the premises from which the plank fell, causing the plaintiff’s injury. The improvement was jointly carried on by both companies, consisting of one building having a common entrance, and under the general management of Mr. Parish as superintendent. A new building was put up on the Pine street front, and the Wall street front was practically rebuilt. When the accident occurred, the Pine street building was pretty well finished, the front was up on Wall street, and the second story had one or two coats of plaster on. The defendants at this time occupied the rear room on the first floor on Pine street, and did not occupy any part of the second floor.
This court has decided, adopting the principle established in this and the supreme court, that the employment of a superintendent by the party who contracts for the work being done, to see that it is properly done, and in accordance with the contract, does not give him control of the work or affect his liability. *107 The chairman of the building committee in this case can hardly be said to have exercised the office of superintendent. He did not make any of the payments. The routine of business adopted by him, was daily frequenting the architect’s office, examining the drawings with a view of consulting with the architect, and to see if they were carried out. If he saw any defects, to speak to the architect about them, and not to the men engaged in the work, nor to the contractor. It clearly appears that the architect was the chosen agent between the defendants and the contractors, who should be the final arbiter relating to all questions in dispute between them. The payments were'made to him upon his certificate ; each mechanic kept his own account, and each contractor kept the account of his own men. ¡Neither the superintendent nor the defendants, nor even the architect, selected the workmen ; and this right of selection lies at the foundation of the responsibility of a master or principal for the acts of his servant or agent.
The superintendent does not appear to have had any control over the contractors or their workmen as to the manner of performing it, and what he did do had no tendency to create the relation of master and servant, or of principal and agent, between the defendants and the contractors, or the workmen employed by them.
I am not able to find any evidence in the cage authorizing the jury to find a verdict against the defendants. The only testimony in the case which throws any light upon the cause of the injury, and by whom inflicted, is that of Judge Curtis, and that in no way points to the defendants, but rather to the servants and agents doing the work. According to his testimony, the plank appeared to come out of the top of the second story window. It was what is ordinarily called scaffolding boards. He saw a scaffolding inside of the window undergoing some change, and some person *108 apparently at work at the scaffolding very near the upper ceiling of the room. This, so far as it goes, is affirmative evidence, and points to the workman in charge.
Besides, the evidence is uncontradicted that the defendants at the time occupied the rear room on the first floor on Pine street, and did not occupy any part of the second floor.
The case can not be distinguished in principle from those already decided by this court, and it does not seem necessary or useful to repeat the reasoning in those cases.
Judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.
Freedman, J.
On the second appeal (35 N. Y. Superior Ct. R. 261), the general term of this court held, that under their answer the defendants had a right to show that the work was done for them by contract, under independent contractors, over whose workmen the defendants had no control, the workmen being responsible to the contractors only. Under the permission thus given, the defendants have now supplied such proof, and the same, as given, constitutes a defense on their part to plaintiff’s cause of action.
I, therefore, concur in reversing the judgment, and ordering a new trial.